# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NEW JERSEY STATE PRISONERS
**CONFINED AT EAST JERSEY STATE PRISON**
LOCK BAG – R     EJSP
RAHWAY NEW JERSEY 07065

| | |
|---|---|
| KOJO MUATA, ET. AL.<br><br>PLANTIFFS, pro se **CLASS ACTION**<br><br>-VS-<br><br>MARCUS O. HICKS, COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS, JAMES SLAUGHTER, ADMINISTRATOR OF EAST JERSEY STATE PRISON, CITY OF RAHWAY NEW JERSEY, COUNTY OF MIDDLESEX<br><br>DEFENDANTS | PRISONERS CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983<br><br>**COMPLAINT**<br>**INITIAL FILING**<br><br>DOCKET NO.<br><br>**CIVIL ACTION** |

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
CLERK
2021 JUN 25  A 10: 44

## COMPLAINT WITH JURY DEMAND

### INTRODUCTION

1. This is a civil rights complaint filed by New Jersey state prisoners for damages, declaratory, and injunctive relief under 42 U.S.C. § 1983, alleging denial of medical care and failure to address the serious medical needs protecting them from the spread of an infectious disease, in violation of the Eighth Amendment of the United States Constitution. The plaintiffs

1

also allege deliberate indifference, to 8th Amendment Cruel and Unusual Prison conditions resulting from the Covid Pandemic, and the tort of negligence on behalf of the D.O.C., the East Jersey State Prison Administrators, and the City of Rahway New Jersey / County of Middlesex.

## JURISDICTION

2. This court has jurisdiction over the plaintiffs' claims of violations of federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1343. Every defendant acted under color of State Law.

3. The court has supplemental jurisdiction over the plaintiffs state law tort claim under 28 U.S.C. § 1367.

## PARTIES

4. The plaintiffs are Kojo Muata 224001 – 267860B; ET. Al. they are prisoners confined at the East Jersey State Prison in Rahway New Jersey.

5. The defendants are, Marcus O. Hicks, the Commissioner of the Department of Corrections who is being sued in his official and individual capacity.

6. James Slaughter, the administrator of East Jersey State Prison, is being sued in his individual and official capacity.[1]

7. The City of Rahway New Jersey is being sued in its' individual and official capacity, as is the County of Middlesex therein.

## FACTS

---

[1] Maybe two or three months into the start of the pandemic, James Slaughter abruptly retired from his position as administrator of East Jersey State Prison. Although within the last two or three months or so, a new administrator was appointed, the prison has only had at least two associate administrators throughout the pandemic; We the plaintiffs of this action reserve the right to amend this complaint, upon advice from appointed counsel, as to whether or not to name additional defendants.

8. Starting roughly in November 2019, an indiscriminate Coronavirus began circling the earth, eventually reaching the United States of America in approximately the first week of March 2020. State and Federal Governments were well aware of this looming virus potentially causing the sickness/or death of prisoners who would not be in position to social distance. The D.O.C. and prison officials across the country knew that there was absolutely no way for prisoners to social distance; which was in fact the only direction that state and local governments forewarned that the public should do to protect itself from the looming Coronal Virus. Wash your hands and social distance of upwards of six feet or more.

9. In roughly the second week of March 2020, the New Jersey State Governor Phil Murphy ordered a statewide lock-down with evening curfews imposed on every city.

10. The Governor forewarned all the citizens of New Jersey of a potentially deadly infectious virus that would manifest itself in the form of a fever, aches & pains, itchy throat, headaches, cough & sweats, chills, shortness of breath, and also lost of taste & smell. The Governor also knew that this virus could potentially cause death, and he directed all the residents of New Jersey to practice a social distance of six feet, while constantly washing your hands.

11. Along with the rest of New Jersey's citizenry, the prisoners of East Jersey State Prison were all terrified of the mere thought of contracting the virus; they suffered emotionally and mentally from the fear of having their respiratory systems overwhelmed by the virus, ultimately ending in a death similar to drowning.

12. The New Jersey Governor duly noted that there was no cure for the virus, and that the only protection from it would be to frequently wash your hands, and keep a [social distance] of approximately six feet from others. The institution first gave mask to the corrections officers, then

they decided to issue a disposable mask to the prisoners; who wore these disposable mask for weeks before being issued a 2nd mask.

13. As the prisoners began to report the type of symptoms associated with the Coronavirus, the administrator James Slaughter implemented procedures that –in vain—endeavored to have the prisoners practice social distancing. However, whenever possible lower ranking officials under his command avoided the serious medical needs of the prisoners, and continued to "herd" prisoners into mess movements, yard movements and, library & old school movements. Negligently, right in the midst of this Coronavirus Pandemic, they continued the ordinary practice of "herding" prisoners around the prison ultimately spreading the virus among the prisoners to their own detriment.

14. Currently, the New jersey State Prisoner death toll from the Coronavirus is over (50) prisoners; while hundreds of prisoners have tested positive in the state.

15. Sometime ago, in April 2020, Governor Murphy issued an executive order, for the "supervised release "of (54) elderly state prisoners with underlying ailments to prevent the spread of this infectious virus to those released; and ultimately avoiding the potential death of those prisoners. The Governor also issued an executive order, in which he supposedly released some (2000) odd prisoners from across the state. Here in East Jersey State Prison there was approximately (30) prisoners released during that time, and most of them were immigrants who were being deported.[2]

---

[2] Currently, the number of prisoners released resulting from the virus, has done absolutely nothing to ensure that prison populations across this state are in a position to practice social distance. The objective is to ensure that every prisoner be in a position to social distance. Surely, this is an impossibility when prisoners are forced to live in double lock housing assignments; while areas of the prison remain closed just so prison officials can punitively assign prisoners to double lock housing assignments.

16. Prisoners received (2) mask and were told that they must wear them when they come outside of their cells. They were moved to other areas of the facility if they made complaints of having any symptoms associated with the virus. If they were fortunate enough not to die, they were brought right back to their original housing assignments. There was never any kind of cleaning supplies specifically for Covid given to prisoners for cleaning their individual cells. The prison administrator hired some prisoners who were assigned to clean stairwells, screening area tables, and other areas outside the cells; but there was never any additional cleaning agents afforded to clean any personal living spaces.

17. To date, New Jersey State citizens have been devastated by the Coronavirus. There are (801,560) positive Coronavirus cases reported in this state, and over (26,159) deaths have occurred in the wake of the virus as of May 26, 2020.

18. Since there was no way to treat the Coronavirus, and with majority of the prisoners suffering with serious medical needs for essentially all of the Coronavirus symptoms, prisoners "inquired" about how could they possibly "socially distant" themselves in prison living conditions? **Especially when majority of the prisoners are in [double lock housing assignments across the state.]** Administrators opened up a wing with single lock housing cells and housed all of the Officer Dining Room workers there. Several housing areas in this facility remain closed; because the administrators use double lock housing areas in a punitive fashion all across the state. Even while telling all of us to practice social distance, the administrators continued to leave prisoners in double-lock housing areas, where there is no possibility of any six feet of social distancing.

19. After the virus had already spread throughout the prisoner population in East Jersey State Prison, the Administrator ordered that the "herding movements be stopped", and prisoners

were then confined to their housing units; receiving their meals in their cells. Majority of the civilians who were allowed in the facility before the pandemic were no longer allowed in. No visitors from family & friends were allowed in either. Essentially, the prison has been partially locked down since mid-March 2020.

20. Governor Murphy has issued executive orders mandating "social distancing"; while cities and counties across the state have issued ordinances for it's' citizenry to do the same.

## DENIAL OF MEDICAL CARE

21. With practically every prison in the state of New Jersey being over-capacitated, there is reasonably no possible way for prisoners to practice social distancing, and undeniably, all of the East Jersey State Prison administrator's attempts to make it appear that this population is practicing social distancing; only demonstrates deliberate indifference to the serious medical needs of this population.

22. Defendant Marcus O. Hicks in his official, and individual capacity, is responsible for not providing a viable means for New Jersey State prisoners to practice social distancing, and ignoring while not protecting prisoners from the (infectious disease) the serious medical needs of the prisoners in the wake of the Corona-virus Covid 19.

23. Defendant James Slaughter in his official and individual capacity is responsible for failing to protect an already isolated community from the spread of an (infectious disease), as he ignored the needs of East Jersey State Prisoners. He also did not provide a viable method for East Jersey State Prisoners to practice social distancing, to further protect them from the overwhelming spread of the (infectious disease) Corona-virus Covid 19.

24. The City of Rahway new Jersey/County of Middlesex is responsible for passing city ordinances on the residents of its citizenry to social distance themselves; while being deliberately indifferent/negligent to the needs of its residents housed at the East Jersey State Prison Facility, and ultimately ignoring and failing to secure a viable means for them to do so.

25. For over a year now, these plaintiffs are confined to their housing units untreated for their symptoms; while testing occasionally produces a positive case of Covid from among them. Nonetheless, throughout this pandemic, majority of the prisoners at East Jersey State Prison have been physically sick from all the symptoms of the virus, and suffering emotional stress from being physically afflicted with an un-treatable disease, that demanded serious medical needs; all the while frightened by the possibility of dying with no possible way to really practice social distancing.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. The plaintiffs have exhausted their remedies through the prisoner grievance procedures regarding the claims listed in this complaint.

## CLAIMS FOR RELIEF

27. The actions, and in-actions of Commissioner Marcus O. Hicks, and the Administrator of East Jersey State Prison James Slaughter, failed to protect the plaintiffs from the spread of an infectious disease that has resulted in the death of over (50) prisoners in the state of New Jersey. Their actions or in-actions embodies Cruel and Unusual Punishment in violation of the Eighth Amendment of the United States Constitution.

28. The actions or inactions of the City of Rahway New Jersey – County of Middlesex, having mandated that all of it's citizens social distance, while failing to secure any viable possibilities for prisoners / residents housed at the East Jersey State Prison Facility in Rahway New

7

Jersey, to even remotely practice social distancing was deliberate indifference embodying Cruel and Unusual punishment. These actions and in-actions were in violation of the Eighth Amendment of the United States Constitution.

29. The defendants Hicks, Slaughter, and the City of Rahway New Jersey / Middlesex County failed to address the serious medical needs of the prisoners in their custody/domain. These defendants are failing to adequately, provide a viable means for all the plaintiffs housed at East Jersey State Prison, and all those similarly situated, to practice social distance. Indeed, while this is the only protection against this infectious disease, their actions or in-actions produced a **continued deliberate indifference amounting to Cruel and Unusual Punishment in violation of the Eighth Amendment of the United States Constitution.**

## RELIEF REQUESTED

30. (a) Issue a declaratory judgement stating that:

1. The actions/in-actions of the defendants amounted to deliberate indifference, and failed to provide medical care addressing the serious medical needs of the prisoners housed at East Jersey State Prison ultimately providing them protection from an infectious disease that killed over (50) prisoners. While it should have been relatively easy to quarantine an already isolated populace, these actions / in-actions of the listed defendants embody Cruel and Unusual Punishment in violation of the Eighth Amendment of the United States Constitution.

2. Defendant City of Rahway New Jersey / County of Middlesex, having failed to ensure that the prison populace residents of it's citizenry, was also allowed to practice social distance, this also was an act of deliberate indifference /negligence that embodies Cruel and Unusual Punishment in violation of the eighth Amendment of the United States Constitution.

8

31. (b) Issue an injunction ordering defendants Hicks, Slaughter, and their agents to: (1) discontinue presently and in the future, these practices of "herding prisoners" in mass movements to their detriment. (2) to decarcerate to the extent that facilities are run to capacity; where there would be no need for double-lock housing assignments, and prisoners would be allowed to some degree to socially distant themselves in the wake of future viruses. (3) carry out without further delay any further spreading of the coronavirus (infectious disease) because of the antiquated practices of forcing prisoners in East Jersey State Prison --and all those similarly situated-- to live inhumanely one on top of the other; with no real ability for social distance.

32. (c) Issue an injunction ordering defendants Hicks, and Slaughter and their agents to:

1. Allow the institution in Rahway, and other institutions similarly situated in New Jersey to prepare their own meals; rather than having them prepared by prisoners in faraway facilities from all across the state where Covid may be prevalent and individuals are afflicted with an infectious disease.

2. Order that prisoners may retain up-graded technology such as desktop computers, laptops, and notepads. The J-pay app allows prisoners to purchase music and other items from the clouds; which can also provide a means to receive Lexis Nexus data as well. Allowing prisoners to retain this technology would initiate the abolishment of "herding practices" to afford legal access to the prison populace.

### RELIEF REQUESTED

33. (a) Issue a declaratory judgement stating that: 1. Defendant City of Rahway New Jersey /County of Middlesex violated the plaintiffs' rights under the Eighth Amendment to the United States Constitution that amounted to deliberate indifference/ negligence under state law. 2. All of the defendants in-actions failing to provide adequate medical care to address the serious medical

9

needs of New Jersey's state prisoners, violated, and continue to violate the plaintiffs' rights —and all those similarly situated—under the Eighth Amendment of the United States Constitution.

34. (b) Award compensatory damages in the following amounts: **1.** $100,000 jointly and severally against all defendants for the physical and emotional injuries sustained resulting from their deliberate indifference/negligence.   **2.** $10,000 jointly and severally against all defendants for every additional day plaintiffs and all those similarly situated, are left to dwell in the conditions herein complained of.  **3.** $50,000 jointly and severally against defendants for the physical and emotional injury resulting from the deliberate indifference of the defendants, failing to provide adequate medical care addressing the serious medical needs that would have protected the plaintiffs --and all those similarly situated—from a potentially deadly infectious disease when they had ample time to have done so.

35. (c) Award punitive damages in the following amounts: **1.** $20,000 each against defendants Hicks and Slaughter. **2.** $50,000 against the City of Rahway New Jersey/ County of Middlesex. **3.** Award also cost for attorney fees as well.

36. (d) Grant such other relief, as it may appear that the plaintiffs —and all those similarly situated—are entitled.

37. We collectively declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct.[i]

Executed on,

DATE: June 28, 2021

1. Kojo Muata, 224001 – 267860B
2. Ronald Robbins, 69358- 053665B
3. Carlos Lopez, 953600-755784C
4. _____

5. _____   _____

6. _____   _____

7. _____   _____

8. _____   _____

9. _____   _____

10. _____   _____

---

[i] On June 3, 2021, the East Jersey State Prison Administrators began "herding" prisoners back into the mess hall to receive their meals. On June 4, 2021, reports showed that in the state of New Jersey there were (304) new cases of Corna Virus infections, and 12, more deaths were also reported. The pandemic is far from over, and everyone in the institution has not been vaccinated. Decisions are being made to the detriment of the East Jersey State Prison population. Seemingly there is no other recourse other than this judicial action.