**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KOJO MUATA, et al., | Civil Action No. 21-13033 (SDW) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| MARCUS O. HICKS, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about June 26, 2021, Plaintiffs, three prisoners confined in East Jersey State Prison, filed their current civil rights complaint. (ECF No. 1). Two of those prisoners have now been granted *in forma pauperis* status (*see* ECF No. 12) and have elected to proceed without the third who has failed to seek *in forma pauperis* status despite the passage of several months. (ECF No. 14).

2. As the two remaining Plaintiffs, Kojo Muata and Carlos Lopez, have been granted *in forma pauperis* status, this Court is required to screen their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. In their complaint, Plaintiffs seek to bring suit against the Marcus Hicks, commissioner of the New Jersey Department of Corrections; James Slaughter, the former administrator of the prison in which they are confined, and the city and county in which that prison sits. (ECF No. 1).

Plaintiffs assert that these Defendants are in their opinion responsible for the prison's response to the COVID-19 pandemic, which Plaintiffs contend was insufficient and amounted to a denial of proper medical care because the prison was incapable of providing ample space for social distancing at all times, especially in light of the prison's use of double occupancy cells. (*Id.* at 2-8). Plaintiffs acknowledge in their complaint, however, that prison administration did create numerous policies– some of which were not always correctly followed by subordinate corrections officers – aimed at mitigating the risk posed to prisoners by COVID-19. (*Id.*). Specifically, Plaintiff's note that prison administration provided masks to both staff and prisoners, encouraged social distancing and limited mass movement of prisoners, released some at risk prisoners to reduce the prison population, conducted additional cleaning of "stairwells, screening area tables, and other areas outside the cells," confined prisoners to their housing units including by having meals served in cells, and limited access to the facility by civilians and outside workers. (*Id.*). Despite these concentrated efforts, Plaintiffs fault administration for not doing "enough" to foster social distancing and combat the virus, and claim that these allegedly inadequate procedures amount to deliberate indifference to the serious medical need posed by COVID-19.

    5. Initially, the Court notes that Plaintiffs seek to hold Defendant Hicks responsible for the actions of the prison based on his supervisory role over the New Jersey Prisoner system, seek to hold Defendant Slaughter responsible for times in which his subordinate officers did not follow the policies he set, and seek to hold the city and county responsible based merely on proximity and perceived oversight role over the prison, notwithstanding the fact that Plaintiffs acknowledge that the state Department of Corrections, rather than the city or the county, is responsible for overseeing prison operations. To plead a plausible claim for relief under § 1983, a plaintiff must allege facts indicating that the named defendants had personal involvement in the alleged wrongs.

*Chavarriaga v. N.J. Dep't of Corr.,* 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  A supervisor may not be held liable based solely on his supervisory role over other alleged wrongdoers, as § 1983 does not permit vicarious theories of liability.  *Id.*; *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability).  "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinate's violations."  *Murphy v. Middlesex County*, 361 F. Supp. 3d 376, 387 (D.N.J. 2019) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)).  Under a "knowledge and acquiescence" theory of supervisor liability, a plaintiff must plead that the defendant had actual knowledge of the wrongdoing.  *Rode*, 845 F.2d at 1207; *Chavarriaga*, 806 F.3d at 222.  Because the city and county are not involved in the operation of the prison, they were not personally involved in the wrongs Plaintiff alleges and must be dismissed as such.  Likewise, any claim Plaintiffs wished to pursue against Defendants Hicks and Slaughter premised solely on the alleged failings of their subordinates is improper and must also be dismissed.

6.  Plaintiffs' claims against Hicks and Slaughter premised on their own policy adoptions in the face of COVID-19 fare no better.  In its decision in *Hope v. Warden York County Prison*, 972 F.3d 310, 325-31 (3d Cir. 2020), the Third Circuit reaffirmed that "[t]o establish deliberate indifference [in the COVID-19 context, plaintiffs] must show the Government knew of *and disregarded* an excessive risk to their health and safety." *Id.* at 329 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000).  The Court of Appeals further held that "[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and that, in evaluating this context, a reviewing court must defer to the expertise of

4

both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic as constitutional rules "are not subject to mechanical application in *unfamiliar territory*." *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)).  Thus, where the [facility] has taken concrete steps towards mitigating the medical effects of COVID-19 on a detention facility, a prisoner will fall "well short of establishing that the [facility and its staff were] deliberately indifferent toward [his] medical needs" in light of the virus even though the[y] cannot entirely "eliminate all risk" of contracting COVID, notwithstanding even serious pre-existing medical conditions the prisoner may have.  *Id.* at 330-31.

      7.  Here, Plaintiffs directly allege that prison officials – including Hicks and Slaughter – took decisive action aimed at mitigating the threat of COVID-19, including increased cleaning of the facility, the provision of masks, encouraging social distancing, and limiting civilian entrance into the prison.  Plaintiffs have therefore utterly failed to plead facts suggesting deliberate indifference, and have instead directly alleged facts showing that Hicks and Slaughter actually took steps to fight the threat of COVID-19.  As Plaintiffs have failed to plead facts indicating deliberate indifference on the part of Defendants to their medical needs in light of the COVID-19 pandemic, their complaint fails to state a plausible claim for which relief may be granted, and is dismissed with prejudice as such.  *Id.*

8. In conclusion, Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety. An appropriate order follows.

Dated: November 3, 2021                    *s/Susan D. Wigenton*
                                           Hon. Susan D. Wigenton,
                                           United States District Judge